1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

BRITTANY JONES,  an individually, and on behalf of all other members of the general public similarly situated, and as an aggrieved employee pursuant to the Private Attorneys General Act ("PAGA"),

        Plaintiff,

        v.

SPHERION STAFFING LLC,  a Delaware limited liability company; SFN GROUP, INC., a Delaware corporation; and DOES 1 through 10, inclusive,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:  CV11-6462 JAK (JCx)

**THE HON. MAGISTRATE JUDGE JACQUELINE CHOOLJIAN**

DISCOVERY MATTER

**STIPULATION FOR PROTECTIVE ORDER REGARDING PRODUCTION OF CONFIDENTIAL DOCUMENTS**

[CORRECTION OF CROSS-REFERENCING ERROR MADE BY COURT TO PARAGRAPH  6]

---

     1.    As used herein, the words "DOCUMENT" or "DOCUMENTS" mean any kind of written, typewritten, printed, or recorded material whatsoever, including but not limited to, any notes, memoranda, charges, complaints, claims, affidavits, statements, papers, files, forms, data, tapes, printouts, letters, reports, communications, contracts, agreements, telegrams, records, correspondence, diaries, calendars, recordings and transcriptions of recordings, deposition

1

1   transcripts, information retrievable from computers, photographs, diagrams, or

2   other discovery responses, however produced or reproduced, and further includes,

3   without limitation, originals, all file copies, all other copies, no matter how

4   prepared, and all drafts prepared in connection with such documents whether or not

5   used.

6          2.      This Protective Order shall govern all DOCUMENTS produced by

7   Plaintiff Brittany Jones ("Plaintiff"), Defendants Spherion Staffing LLC and SFN

8   Group, Inc. ("Defendants"), or any third party in response to any subpoenas or

9   discovery requests made in connection with this action containing information

10  about any of the following:  personnel policies and procedures, contracts, trade

11  secrets, business operations of Defendants and third-parties, staffing models and

12  practices, pricing, finances, and any information protected by a statutory or

13  constitutional right to privacy (hereinafter "CONFIDENTIAL MATERIAL").

14         3.      A Party may designate documents which that it produces as

15  CONFIDENTIAL MATERIAL by stamping each page containing

16  CONFIDENTIAL MATERIAL with the legend "Confidential," or adding the

17  legend "Confidential" electronically to electronically stored information, or

18  otherwise designating such information and files or datasets containing such

19  information as "Confidential."  Confidential documents or information

20  inadvertently produced by either party without the "Confidential" designation may

21  be so designated upon reasonable written notice, and thereafter such documents or

22  information shall be treated as Confidential unless otherwise agreed or directed by

23  the Court.

24         4.      In the event that deposition testimony contains the type of information

25  described in Paragraph 2 above, the Parties may designate such portions of

26  deposition testimony "Confidential" by advising the court reporter and/or

27  videographer on the record at the time such testimony is given, or within thirty (30)

28

STIPULATION FOR PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS

1    days after receipt of the transcript of the deposition, by notifying opposing counsel

2    in writing of the page and line numbers of the testimony deemed "Confidential."

3        5.    The use of all CONFIDENTIAL MATERIAL produced in this

4    litigation, by either the parties or any third party ("Producing Party"), shall be

5    limited to the within action and such material shall not be used in connection with

6    any other actions or for any purpose unrelated to this action.  In addition, all

7    CONFIDENTIAL MATERIAL shall not be disclosed to anyone other than

8    Plaintiff, Defendants, current officers or employees of Defendants, third parties

9    affiliated with Defendants; counsel for the parties (including such attorneys'

10   professional, stenographic, paralegal, clerical and other assistants who have direct,

11   functional responsibility for the preparation of this action for trial or any appeal

12   therefrom); expert witnesses, consultants, and/or vendors retained by the parties;

13   witnesses who testify at deposition or are expected to testify at trial; and the Court

14   in connection with any motion, hearing or other judicial proceeding.  The

15   provisions of this Protective Order, however, shall not apply to a producing party's

16   own use of CONFIDENTIAL MATERIAL produced by such party.

17       6.    CONFIDENTIAL MATERIAL shall only be disclosed to the

18   individuals described in paragraph 5 of this Protective Order under the conditions

19   set forth below:

20           (a)    Any third party individual, expert witness, consultant, and/or

21   vendor retained by one party must execute the acknowledgement attached as

22   Exhibit A that they have read and understood this Protective Order and agree to be

23   bound by its terms before they may have access to another party's

24   CONFIDENTIAL MATERIAL.  Absent compliance with these conditions, no

25   disclosure shall be permitted, unless otherwise ordered by the Court.

26       7.    Upon final disposition of this action, including all appeals therefrom,

27   counsel for each receiving party shall, at its option, assemble and either destroy or

28

STIPULATION FOR PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS

return to counsel for the producing party all CONFIDENTIAL MATERIAL (including all copies, extracts, abstracts, charts and summaries of the material, whether written or otherwise recorded, except for any work product, briefs, or other documents filed with the Court that contain, relate, or refer to CONFIDENTIAL MATERIAL).  If the receiving party elects to destroy any of the CONFIDENTIAL MATERIAL (including all copies, extracts, abstracts, charts and summaries thereof), he or it shall certify in writing to the producing party that he or it has done so and shall certify that he or it retains no such CONFIDENTIAL MATERIAL including all copies, extracts, abstracts, charts and summaries thereof.

8.      The use of CONFIDENTIAL MATERIAL as evidence at trial or in connection with the examination of witnesses at trial, shall be subject to such order of the Court as may, at the time, be reasonably necessary to preserve the confidentiality of the material involved.  Nothing contained herein, however, shall preclude either party from using the CONFIDENTIAL MATERIAL or information contained therein at trial if same is relevant or admissible.

9.      No part of the restrictions imposed by this Protective Order may be terminated, except by written stipulation executed by counsel for each party or by an order of this Court for good cause shown.  The final disposition of this action shall not relieve any person who has received CONFIDENTIAL MATERIAL from the obligations imposed by this Protective Order.

10.      If a party challenges a "Confidential" designation as to any discovery material, it shall first notify in writing the attorneys of record for the designating party and explain in writing the basis for the contention that the "Confidential" designation is inappropriate.  The designating party shall respond by explaining in writing the basis for the designation.  Following receipt of the designating party's explanation for the confidential designation, counsel shall promptly confer in an attempt to resolve this objection.  If the dispute is not resolved within twenty (20)

days of the conference between counsel, the designating party shall follow the procedures set forth in Central District Local Rule 37 for resolving the dispute. The designating party shall bear the burden that good cause exists for the designation.  Until the Court decides the propriety of the designation, the Parties will treat the documents in accordance with the designation made by the designating party.

11.    Any document that contains CONFIDENTIAL MATERIAL, or encloses CONFIDENTIAL MATERIAL, or that refers to or quotes CONFIDENTIAL MATERIAL, or that is otherwise designated by a party as "Confidential," if filed with the court, shall be filed under seal pursuant to Local Central District Rule 79-5.

12.    This Court shall retain jurisdiction over all persons subject to this Stipulation and Order after termination of this Action for the purpose of enforcing this Stipulation and Order.

**IT IS SO ORDERED.**

DATED:   1/13/12                        _____/S/_____
                                        Honorable Jacqueline Chooljian
                                        **UNITED STATED MAGISTRATE JUDGE**

STIPULATION FOR PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS

Exhibit A

<u>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER</u>

I, _____, declare under penalty of perjury under the laws of the United States of America and the State of California that I have read and agree to comply with and be bound by the terms of the Protective Order entered in *Brittany Jones v. Spherion Staffing LLC et al.*, United States District Court for the Central District of California, Case No. CV11-6462 JAK (JCx).  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Date: _____

_____
Signature

_____
Print Name

_____
Title

6

STIPULATION FOR PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS

14026970v.1